At the time plaintiffs purchased lot C they acquired an easement to use the well on lot B, with the right of ingress and egress. The easement was exercised by drawing water from the well by a hand pump. The defendants' predecessors in title and the defendants themselves took title to lot B subject to this easement. The installation of the electric pump and pressure tank in the basement of the dwelling on lot B, and the laying of the pipes needed for the operation thereof and to convey the water to lot C, *Page 433 
with the right to maintain the same, was done pursuant to a new agreement, not in writing, and certainly created an added burden upon the servient lot. The decision in this case purports to recognize the rule that easements can only be acquired in this state by grant or prescription. In my opinion the rule should be strictly adhered to. It is not difficult to draft proper instruments creating or reserving easements. To relax our established rule and to permit parties to claim substantial rights under oral agreements can only lead to disputes and litigation.
I am authorized to state that Mr. Justice FAIRCHILD and Mr. Justice BROWN join in this dissent.